FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARA G., <br><br>                    Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br>                    Defendant. | No.   4:22-CV-05166-WFN <br><br> ORDER |

Sara G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Chad Hatfield represents Plaintiff. Special Assistant United States Attorney Ryan Lu represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Disability Insurance Benefits on September 23, 2019, alleging disability beginning on October 19, 2018. Tr. 16, 220–41. The application was denied initially, Tr. 99–111, and on reconsideration, Tr. 113–34. Administrative Law Judge [ALJ] Jesse K. Shumway held a hearing on November 30, 2021, Tr. 57–98, and issued an unfavorable decision on December 21, 2021, Tr. 16–36. The Appeals Council denied review on October 19, 2022. Tr. 1–6. The ALJ's December 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 21, 2022. ECF No. 1.

## FACTS

Plaintiff was born in 1992 and was 25 years of age as of her alleged onset date. Tr. 34, 220. She completed high school and has past work as a barista, customer service

ORDER - 1

representative, personal trainer, and veterinary technician. Tr. 34, 584. Plaintiff alleges disability based on ankylosing spondylitis, dizziness, insomnia, headaches, anxiety, and chronic pain. Tr. 99.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past

ORDER - 2

relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 21, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–36.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments through her date last insured, September 30, 2021: "ankylosing spondylitis; mild obesity; panic disorder; post-traumatic stress disorder (PTSD); major depressive disorder; personality disorder; [and] attention deficit-hyperactivity disorder (ADHD)." *Id*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she could perform light work through her date last insured

> except: she could stand and walk in combination [one] hour at a time for [four] hours total in [an eight]-hour workday; she could occasionally reach overhead, and frequently reach in all other directions; she could frequently handle, finger, feel, and push/pull; she could occasionally use foot controls; she could not crawl or climb ladders, ropes, or scaffolds; she could occasionally climb stairs and ramps; she could frequently balance, stoop, kneel, and crouch; she could have no exposure to hazards (such as unprotected heights and moving

ORDER - 3

mechanical parts) and no more than occasional exposure to extreme cold; she could frequently operate a motor vehicle; she could have frequent exposure to humidity, wetness, pulmonary irritants, vibration, and extreme heat; she was limited to simple, routine tasks; she could have no contact with the public and only occasional, superficial contact with supervisors and coworkers; and she required a routine, predictable work environment with no more than occasional changes.

Tr. 24.

At step four, the ALJ made no findings regarding Plaintiff's past relevant work. Tr. 34; *see* 20 C.F.R. § 404.1520(h).

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 34–35. The ALJ specifically identified the representative occupations of small-parts assembler, collator, and mailing clerk. Tr. 35.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through her date last insured. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinion evidence, (2) failing to find Plaintiff disabled at step three, (3) rejecting Plaintiff's subjective complaints, (4) rejecting the lay testimony of Plaintiff's husband, and (5) failing to conduct an adequate analysis at step 5.

## DISCUSSION

**(2) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Christopher Snyder, D.O., and Karen Mansfield-Blair, Ph.D. ECF No. 12 at 9–13.

ORDER - 4

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.

(2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

ORDER - 5

      ***(a) Christopher Snyder, D.O.***

      Dr. Snyder testified at the November 2021 hearing. Tr. 61–82. He opined Plaintiff would be limited to lifting and carrying twenty pounds occasionally and ten pounds frequently; sitting for four hours uninterrupted, standing or walking for one hour uninterrupted; reaching overhead occasionally and in all other directions frequently; operating foot controls frequently; climbing stairs and ramps occasionally; never climbing ladders or scaffolding; balancing, stooping, kneeling, and crouching frequently; never crawling; no exposure to hazards like moving mechanical parts; frequent exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme heat, and vibrations; occasional exposure to extreme cold; and frequent driving. Tr. 77–79. Dr. Snyder also explained the reasoning behind his opinion of Plaintiff's limitations. Tr. 77–82.

      Dr. Snyder testified he would not be able to opine on whether Plaintiff's impairments would cause chronic absenteeism without speculating. Tr. 80–81. Specifically, he stated "I would be speculating, but it wouldn't surprise me if she would need one to three days off at least twice a month," and then affirmed, "That's speculation." Tr. 81.

      The ALJ's RFC was consistent with Dr. Snyder's testimony, but the ALJ did not find Plaintiff would need to miss one or two days of work at least twice a month. *See* Tr. 24, 29–31. The ALJ found Dr. Snyder's statement regarding missed days was unsupported because Dr. Snyder himself acknowledged that his statement was just speculation and that there was no evidence in the file of active flares, which Plaintiff claims would cause the absences. Tr. 31, 82. The ALJ also found that Dr. Snyder's absenteeism speculation was inconsistent with the record because the record does not indicate Plaintiff has debilitating monthly flares. Tr. 26, 31, 82. More specifically, the ALJ found Plaintiff reported to her providers that she was doing well and had sustained improvement with medication. Tr. 26 (citing Tr. 609, 613, 617, 619, 625, 709–10, 722, 727–29).

      Plaintiff argues the ALJ erred by not finding Plaintiff would need one to three days off at least twice a month. ECF No. 12 at 9–12. First, Plaintiff argues that the ALJ erred in interpreting Dr. Snyder's testimony because "all opinions are by definition speculative." *Id.*

at 10. The Court disagrees. Dr. Snyder said twice that his opinion would just be speculation. Tr. 81. The ALJ reasonably took this to mean that Dr. Snyder himself did not believe his statement was supported by the record. *See Morgan*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Second, Plaintiff argues that there was evidence in the record to support a finding that Plaintiff would be chronically absent from work. ECF No. 11 at 11. However, because the ALJ's finding was supported by substantial evidence, *see* Tr. 26, 31, 609, 613, 617, 619, 625, 709–10, 722, 727–29, the Court must uphold it even if there is also evidence that could support another conclusion, *see Morgan*, 169 F.3d at 599.

### (b) Karen Mansfield-Blair, Ph.D.

Dr. Mansfield-Blair examined Plaintiff on December 14, 2019. Tr. 421–25. She opined, among other things, that Plaintiff would have no difficulty managing funds, performing simple and repetitive tasks, accepting instruction, interacting with coworkers, performing work activities without special instructions, or dealing with usual workplace stress. Tr. 424. Dr. Mansfield-Blair also opined Plaintiff would have difficulty performing detailed or complex tasks due to memory problems. *Id.* Regarding attendance, Dr. Mansfield wrote that Plaintiff "would have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given she reportedly receives no mental health treatment." *Id.*

The ALJ found Dr. Mansfield-Blair's opinion largely persuasive but did not credit her opinion regarding absenteeism because it is not supported by an explanation and it is inconsistent with the longitudinal record showing normal mental status examinations. Tr. 27, 33–34. The ALJ also discounted Dr. Mansfield-Blair's opinion because she examined Plaintiff only once and did not treat her diagnosed ailments. Tr. 33.

Plaintiff argues the ALJ erred by failing to properly discuss the factors of supportability and consistency. ECF No. 12 at 22–23. The Court disagrees. The ALJ explained that Dr. Mansfield-Blair's opinion was not well-supported because it was vague and without quantification. Tr. 33–34. The ALJ also explained that Dr. Mansfield-Blair's

ORDER - 7

opinion was inconsistent with the record, including the opinion of Ioly Tabita Lewis, A.R.N.P. Tr. 33. Notably, the ALJ found Nurse Lewis's opinion to be more thorough, well-supported, and consistent with the record than Dr. Mansfield-Blair's, Tr. 33, and Nurse Lewis opined that Plaintiff's mental impairments would not prevent her from satisfactory work attendance. Tr. 587–88. The ALJ also discounted Dr. Mansfield-Blair's opinion because Dr. Mansfield-Blair did not have a treating relationship with Plaintiff. The ALJ offered appropriate reasons for discounting Dr. Mansfield-Blair's opinion, *see* 20 C.F.R. § 404.1520c(c)(1), and discussed both supportability and consistency as required, *see* 20 C.F.R. § 404.1520c(a)(2). Because the Court can reasonably discern the path of the ALJ's decision, the explanation is sufficient. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012); *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).

**(2) Step Three**

Plaintiff argues the ALJ erred at step three by failing to question the medical examiner about whether Plaintiff's impairments were equivalent to Listing 14.09. ECF No. 12 at 13–14. But Plaintiff's argument rests on a misapprehension of the record. As Defendant notes, the ALJ did ask the medical expert whether Plaintiff's condition was equivalent to Listing 14.09. Tr. 70 ("Okay. What're your thoughts on whether she meets or equals 14.09?"). The medical expert testified Plaintiff's conditions did not satisfy the listing's requirements. Tr. 70–77.[1]

**(3) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her subjective symptom testimony. ECF No. 11 at 14–20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's

---

[1] In her reply, Plaintiff does not address Defendant's argument, but instead simply repeats her initial assertion that the ALJ erroneously failed to ask about equivalence. *See* ECF No. 14 at 14.

ORDER - 8

findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff claimed she was "in pain and stiff 24/7." Tr. 277. She said she could not stand, sit, or move for more than twenty minutes. Tr. 277, 282. At the hearing, she testified that she has flares about once a month that totally incapacitate her for three or four days. Tr. 83–84. Even on days where she does not have flares, she testified that still has to lie down frequently. Tr. 85. She can wash dishes or make lunch for about fifteen to twenty minutes but then must lie down in bed after doing so. *Id.* Plaintiff claimed she could not sit down and use a computer, or even watch a movie, for more than twenty minutes before she has to lie down again. Tr. 86. Regarding her mental health, Plaintiff said she can no longer go out in public and that she has panic attacks once a month. Tr. 90–91.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25–30.

The ALJ found that Plaintiff's daily activities were not consistent with her claimed symptoms. Tr. 30. Although Plaintiff claims that all activities other than lying down in bed cause her pain, she goes to the gym three to four times a week, plays basketball once a week, and exercises at home with her husband. Tr. 281. 584–85. Despite claims of disabling mental impairments, she manages her own finances, drives herself, goes to a gym, and reports no

ORDER - 9

mental limitations in caring for herself. Tr. 30, 28081, 585. The Plaintiff criticizes the ALJ for failing to explain how any of these activities could be inconsistent with Plaintiff's claims that she has debilitating flares. ECF No. 12 at 17–19. But it was reasonable for the ALJ to conclude that these activities are inconsistent with Plaintiff's claims that she has debilitating mental limitations and cannot undertake physical activity even on good days. Therefore, the ALJ's decision must be upheld *See Tackett*, 180 F.3d at 1097–98.

Significantly, the ALJ noted Plaintiff's claimed symptoms were inconsistent with her reports to her medical providers. Tr. 26. Although Plaintiff has claimed as part of her disability case that she has debilitating flares for three to four days once a month, she told her healthcare providers that she was doing well and sustained her improvement with medication. Tr. 26 (citing Tr. 609, 613, 617, 619, 625, 709–10, 722, 727–29). Likewise, Plaintiff reported to mental health providers that she was doing well, finally felt like herself, tapered off some medications, reported anxiety medication was working perfectly, and denied side effects or other concerns. Tr. 613, 617, 619.

The ALJ also found Plaintiff's claims were unsupported by the objective findings. Tr. 26. Examination findings were generally unremarkable. Tr. 27, 347–48. Plaintiff's gait, muscle tone, strength, sensation, and coordination were all normal. *See, e.g.*, *id.* And according to the impartial testifying medical expert, the record does not indicate that Plaintiff experiences the kind of flares she claims. *See* Tr. 26, 82. Likewise, contrary to Plaintiff's claims of debilitating mental limitations, her mental status examinations were also mostly unremarkable showing normal behavior, affect, and mental abilities. Tr. 27–28. Plaintiff argues the ALJ "offer[ed] little more than vague assertions" that Plaintiff's claims are unsupported by objective evidence. ECF No. 12 at 16. The Court disagrees. The ALJ discussed the objective evidence thoroughly and concluded it was inconsistent with Plaintiff's claims. Tr. 26–29. Plaintiff also argues that symptom claims cannot be rejected only because they are unsupported by objective evidence, ECF No. 12 at 16, but this argument fails because the ALJ supplied several specific, clear, and convincing reasons for rejecting some of Plaintiff's symptom claims, *see* Tr. 26–30.

ORDER - 10

The ALJ also found Plaintiff's improvement with treatment undermined her claims. Tr. 26, 28. Plaintiff reported to a provider that her back symptoms were well-controlled with medication, that she felt overall improvement, had stiffness about fifteen minutes in the morning, and no acute flares. Tr. 728–29; *see also* Tr. 709, 722, 727. She was able to enjoy a one-week vacation across the country though she had some discomfort. Tr. 728–29. Similarly, she reported her migraines and anxiety were also well-controlled with medication. Tr. 26, 609, 613, 617, 619. Improvement with treatment is a specific, clear, and convincing reason to reject symptom claims. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022).

Finally, the ALJ found Plaintiff has a weak work history because she has never had a sustained period of employment at the level of substantial gainful activity, including during the period before Plaintiff's alleged onset date. Tr. 30. The ALJ concluded that Plaintiff's weak work history prior to her alleged onset date indicated that Plaintiff's unemployment is caused by something other than her alleged symptoms. *Id.* Although Plaintiff argues that she does not have a poor work history, ECF No. 12 at 19, the ALJ's contrary conclusion is supported by substantial evidence, Tr. 30, 250–54, and therefore the Court will not disturb it, *see Morgan*, 169 F.3d at 599. Taken together with the other reasons discussed above, poor work history is a specific, clear, and convincing reason to discount claims of debilitating symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ gave some additional reasons to discount Plaintiff's symptom claims and Plaintiff argues those reasons were erroneous too. ECF No. 12 at 16–17. But the reasons discussed above were sufficient for rejecting Plaintiff's symptom claims. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). Because there is substantial evidence to support the ALJ's ultimate conclusion, the ALJ did not commit reversable error even if he did also offer improper grounds for rejecting Plaintiff's testimony.[2] *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

---

[2] To be clear, the Court does not conclude the ALJ offered any erroneous reasons for rejecting Plaintiff's symptom claims.

ORDER - 11

**(4) Lay Opinion**

Plaintiff's husband completed a statement that generally corroborated Plaintiff's claims. Tr. 337–39. The ALJ stated that he considered Plaintiff's husband's statement, that it largely mirrored Plaintiff's claims, and that he found it unpersuasive for the same reasons Plaintiff's claims were not credible. Tr. 34. Plaintiff argues, without legal citation, that it was error to reject Plaintiff's husband's claims without providing germane reasons. ECF No. 12 at 19. However, after revisions to the applicable regulations, the ALJ is no longer required to explain his consideration of lay testimony. *See* 20 C.F.R. § 404.1520c(d).

**(5) Step Five**

Plaintiff argues that the ALJ erred at step five because the RFC did not include Plaintiff's claimed limitations, ECF No. 12 at 20, but, as discussed above, the ALJ did not err by rejecting Plaintiff's claimed symptoms.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of reversible error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed April 14, 2023, **ECF No. 12**, is **DENIED**.
2. Defendant's Brief, filed May 17, 2023, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 11th day of August, 2023.

08-07-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 12